# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * * * * * * * * *
NIBERLEY WALTON,                  *      No. 20-791V
                                  *      Special Master Christian J. Moran
              Petitioner,         *
                                  *
v.                                *
                                  *      Filed: December 19, 2025
SECRETARY OF HEALTH               *
AND HUMAN SERVICES,               *
                                  *
              Respondent.         *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

Mark Sadaka, Law Offices of Sadaka Associates, LLC, Englewood, NJ, for
petitioner,
Madelyn Weeks, United States, Dep't of Justice, Washington, DC, for respondent.

## ORDER DENYING MOTION FOR REDACTION[1]

     Petitioner, Niberley Walton, filed a petition for compensation on June 29,
2020, alleging that the tetanus, diphtheria, and acellular pertussis ("Tdap") vaccine
she received on December 4, 2018, caused her to suffer from "vaccine-induced
neuropathy, including small fiber neuropathy, and fibromyalgia."  In the
alternative, Ms. Walton alleged that these conditions were significantly aggravated
by the vaccine.  On July 24, 2025, Ms. Walton filed a motion for a decision
dismissing her petition. A Decision dismissing her petition was issued on July 30,
2025.  Pursuant to 42 U.S.C. § 300aa–12(d)(4) and Vaccine Rule 18(b), Ms.
Walton filed a short motion requesting redaction of her name to "N. Walton" or
"N.W."  For the reasons explained below, the motion is DENIED.

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic
Government Services), requires that the Court post this order on its website.  Pursuant to Vaccine Rule 18(b), the
parties have 14 days to file a motion proposing redaction of medical information or other information described in
42 U.S.C. § 300aa-12(d)(4).  Any redactions ordered by the special master will appear in the document posted on
the website.

### Public Access to Information about Petitioners in the Vaccine Program

The history of public access to information contained in court decisions and the history of the creation of the Vaccine Program[2] provide a context for Ms. Walton's motion to redact.  Both histories suggest that redaction is available in relatively limited circumstances.

In American jurisprudence, the public can generally access court documents. Nixon v. Warner Comm. Inc., 435 U.S. 589, 597 (1978).  As part of this country's inherited traditions, Congress may be presumed to know this principle.

In the mid-1980s, Congress investigated vaccines because of concerns about their safety and to stabilize the market for manufacturers.  Bruesewitz v. Wyeth, LLC., 562 U.S. 223, 226 (2011).  In the 99th Congress, competing proposals were introduced.  See Figueroa v. Sec'y of Health & Human Servs., 715 F.3d 1314, 1323 (Fed. Cir. 2013), Vijil v. Sec'y of Health & Human Servs., No. 91-1132V, 1993 WL 177007, at *4-5 (Fed. Cl. Spec. Mstr. May 7, 1993).

One of these proposals, which was introduced on April 2, 1985, was Senate Bill 827.  S. 827 would have created a compensation program located in the District Court for the District of Columbia in which special masters would preside. S. 827, 99th Cong., § 2104(b), § 2104(d)(1) (1st Sess. 1985).  In addition to a compensation program, S. 827 contained provisions to improve the safety of vaccines.  However, the first session of the 99th Congress adjourned without acting on any of the proposed legislation.

In the second session of the 99th Congress, the House and Senate considered different bills.  The version of S. 827 from September 24, 1986 proposed to improve the safety of vaccines.  S. 827, 99th Cong. (2d Sess. 1986).  It appears that S. 827 did not include a compensation program.

However, the legislation that Congress eventually enacted did contain a compensation program.  Congress placed adjudication of vaccine compensation program claims in the district courts.  Pub. L. 99-660 § 2112(a).  In this legislation, provisions related to discovery and disclosure of information were combined in one section.  Id. at § 2112(c), codified at 42 U.S.C. § 300aa–12(c)(2) (1988). Congress's selection of district courts with their tradition of openness to the public suggests that Congress intended for the normal rules about access to judicial

---

[2] For information about the legislation that created the Vaccine Program, this order draws upon a summary provided in Lainie Rutkow et al., Balancing Consumer and Industry Interests in Public Health:  The National Vaccine Injury Compensation Program and Its Influence During the Last Two Decades, 111 Penn St. L. Rev. 681 (2007).

decisions to apply.  Castagna v. Sec'y of Health & Human Servs., No. 99-411V, 2011 WL 4348135, at *1 (Fed. Cl. Spec. Mstr. Aug. 25, 2011).

In 1987, Congress simultaneously funded the Vaccine Program and amended the Vaccine Act.  The 1987 amendments did not vary the disclosure provisions.  However, in 1987, amendments changed the venue for filing claims from the district courts to the Claims Court.  Pub. L. 100-203 § 4307(1); see also Milik v. Sec'y of Health & Human Servs., 822 F.3d 1367, 1375 (Fed. Cir. 2016); Stotts v. Sec'y of Health & Human Servs., 23 Cl. Ct. 352, 358 n.7 (1991).

The Vaccine Program became effective on October 1, 1988.  Pub. L. 100-203 § 4302.  As initially conceived, special masters were issuing reports, subject to de novo review by judges of the Claims Court.  See 42 U.S.C. § 300aa–12(d) (1988).  In this context, reports from special masters and decisions from Claims Court judges started to become available to the public.  E.g., Bell v. Sec'y of Health & Human Servs., 18 Cl. Ct. 751 (1989) (reproducing special master's report); Philpott v. Sec'y of Health & Human Servs., No. 88-20V, 1989 WL 250073 (Cl. Ct. Spec. Mstr. Aug. 4, 1989).

Congress found that the parties were too litigious in the early years of the Program.  H.R. Rep. No. 101-386, at 512 (1989) (Conf. Rep.), reprinted in 1989 U.S.C.C.A.N. 3018, 3115.  Congress amended the Vaccine Program in 1989, giving special masters the authority to issue decisions, which could be subject to a motion for review.  Pub. L. 101-239 § 6601(h), codified at 42 U.S.C. § 300aa–12(d) and (e).

Congress also added a provision allowing limited redaction of decisions of special masters.  Pub. L. 101-239 § 6601(g)(2).  The reason Congress added this provision is not clear.  See Anderson v. Sec'y of Health & Human Servs., No. 08-396V, 2014 WL 3294656, at *2 n.7 (Fed. Cl. Spec. Mstr. June 4, 2014).

Although Congress authorized redaction of decisions, few litigants requested redaction for many years.  Special masters tended to allow redaction without much analysis.  After a surge in requests for redaction, the then-Chief Special Master issued an order generally narrowing redaction.  Langland v. Sec'y of Health & Human Servs., No. 07-36V, 2011 WL 802695 (Fed. Cl. Spec. Mstr. Feb. 3, 2011).  On a motion for review, the Court of Federal Claims endorsed the special master's analysis regarding redaction in a brief footnote.  109 Fed. Cl. 421, 424 n.1 (2013).

The Court of Federal Claims analyzed the special masters' position regarding redaction more extensively in W.C. v. Sec'y of Health & Human Servs.,

100 Fed. Cl. 440, 456-61 (2011), aff'd on nonrelevant grounds, 704 F.3d 1352 (Fed. Cir. 2013).  W.C. disagreed with the approach taken and asserted that the Freedom of Information Act ("FOIA") was a basis for evaluating redaction requests.

Shortly after W.C., the then-Chief Special Master issued another order regarding redaction.  Castagna explored the topic in more depth and, again, found redaction was limited to narrow circumstances.  2011 WL 4348135.

After those orders were issued, the Court of Federal Claims has found special masters were not arbitrary and capricious in either denying redaction, or permitting redaction.  Spahn v. Sec'y of Health & Human Servs., 133 Fed. Cl. 588, 604 (2017) (stating that the decision to redact is a question of law and holding that redaction of "the names of petitioner . . . and petitioner's treating physicians . . . are not the kind of medical, or confidential, or privileged, financial information that the Vaccine Act requires to be withheld from public view"); Lamare v. Sec'y of Health & Human Servs., 123 Fed. Cl. 497 (2015); R. K. v. Sec'y of Health & Human Servs., 125 Fed. Cl. 276 (2016); see also Tarsell v. United States, 133 Fed. Cl. 805 (2017) (denying petitioner's request to redact the names of all medical providers from the Court's Opinion and Order).[3]

Against this background, Ms. Walton filed her motion to redact.

### Procedural History Leading to the Motion to Redact

Ms. Walton filed her petition on June 29, 2020, alleging that the Tdap vaccine she received on December 4, 2018 caused or significantly aggravated her small fiber neuropathy and fibromyalgia.  The Secretary disputed Ms. Walton's claim.  After the parties filed several expert reports, Ms. Walton was advised that the evidence she had proffered had not crossed the threshold of plausibility.  Specifically, she had not established that she suffered from small fiber neuropathy; that fibromyalgia is an autoimmune disease; that the Tdap vaccine can cause her condition via molecular mimicry; or that an autoimmune disease may manifest within 24-48 hours of vaccination.  See Order, issued April 3, 2025.  After consulting with her attorney on the reasonableness of continuing her case, Ms. Walton filed a motion to dismiss on July 24, 2025.  A Decision dismissing the case was issued on July 30, 2025.

---

[3] Although the caption to the order in Tarsell identifies the "United States" as the respondent, the "Secretary of Health and Human Services" is the respondent in Vaccine Program cases.  42 U.S.C. § 300aa–12(b)(1).

The Decision has not been made available to the public.  The public's access depends upon the outcome of Ms. Walton's August 11, 2025 motion to redact.

Ms. Walton's motion to redact requested that her name be redacted to "N. Walton" or to her initials.  The argument consisted of one paragraph stating that Ms. Walton's name "is an extraordinarily rare and uniquely identifiable name that can be readily traced through public search engines and databases, creating a substantial risk of unwarranted intrusion and reputational harm."  Ms. Walton further argues that "this relief is necessary to prevent the misuse of personally identifying information and to preserve the fairness, dignity, and integrity of the proceedings."[4]

The Secretary filed a response.  After reviewing the legal basis for any motion for redaction, including <u>Langland</u> and <u>W.C.</u>, the government refrained from taking any position.  Resp't's Resp., filed Aug. 21, 2025.  However, the Secretary noted that Vaccine Rule 18(c)(2) "direct[s] that a special master will deny the motion to redact if it 'is not supported by evidence, does not meet the criteria set forth in subdivision (b) of this rule, and/or contains a general objection to the disclosure of a party's name or amount of an award."  <u>Id.</u> at 2.  The Secretary further highlighted that "evidence" is required to support an argument that a petitioner has a specific privacy interest, and that the Vaccine Rules were not meant to merely "shield the fact that petitioner has pursued a vaccine injury claim."  <u>Id.</u> at 3, 4.  Ms. Walton did not file a reply.  Thus, Ms. Walton's motion for redaction is ready for adjudication.

## Standards for Adjudication

For all issues, including evaluating a motion for redaction, the special master's duty "is to apply the law."  <u>Althen v. Sec'y of Health & Human Servs.</u>, 418 F.3d 1274, 1280 (Fed Cir. 2005).  With respect to issues of public access to judicial decisions, the preferences of the parties are not binding.  <u>Reidell v. United States</u>, 47 Fed. Cl. 209 (2000) (declining to vacate underlying decision as parties requested in settling the case).  The Seventh Circuit (Posner, J.) has emphasized the need for trial courts to make their own assessment of requests to proceed anonymously and not to defer to the parties:

> [W]e would be remiss if we failed to point out that the privilege of suing or defending under a fictitious name should not be granted automatically even if the opposing party does not object.  The use of fictitious names is

---

[4] No proposed redacted version of the Decision was filed.

> disfavored, and the judge has an independent duty to
> determine whether exceptional circumstances justify a
> departure from the normal method of proceeding in
> federal courts.

<u>Doe v. Blue Cross & Blue Shield United of Wisconsin</u>, 112 F.3d 869, 872 (7th Cir. 1997). In an order written when presiding over a matter pending in the District Court of Delaware, Federal Circuit Judge Bryson made a similar point. The litigants in complex civil cases use "the sealing privileged excessively, without careful consideration of whether it is appropriate in particular instances. The problem for judges is that such requests are seldom opposed---the would-be opposing party has access to the materials and doesn't particularly care whether the public has access as well." <u>Lipocine, Inc. v. Clarus Therapeutics, Inc.</u>, C.A. No. 19-622, 2020 WL 4569473, at *7 (D. Del. Aug. 7, 2020) (denying motion to seal an order resolving a dispute over attorney-client privilege).[5]

> For redaction, the starting point is the Vaccine Act. Congress provided:

> > a decision of a special master or the court in a proceeding
> > shall be disclosed, except that if the decision is to include
> > information –

> > (i) which is trade secret or commercial or financial
> > information which is privileged and confidential, or

> > (ii) which are medical files and similar files the
> > disclosure of which would constitute a clearly
> > unwarranted invasion of privacy,

> > and if the person who submitted such information objects
> > to the inclusion of such information in the decision, the
> > decision shall be disclosed without such information.

42 U.S.C. § 300aa–12(d)(4)(B). As previously mentioned, Congress added this provision to the Vaccine Act as part of the 1989 amendments. Pub. L. 101-239 § 6601(g)(2). In the ensuing 30 years, the Federal Circuit has not had an occasion to interpret this statutory provision. Furthermore, the associated Vaccine Rule,

---

[5] Although the passage quoted in the text uses the word "sealing," much of Judge Bryson's August 7, 2020 Opinion and Order discusses redaction. Thus, the reasoning in <u>Lipocine</u> informs the analysis of Ms. Walton's motion to redact, although Ms. Walton does not request that the Decision be "sealed."

Vaccine Rule 18(b), simply mirrors the statute. Thus, there is an absence of binding authority about the meaning of the Vaccine Act's disclosure provision.

## Analysis

Quoting Apple Inc. v. Samsung Elecs. Co., 727 F.3d 1214, 1221 (Fed. Cir. 2013), Judge Bryson's opinion in Lipocine states that "a party [seeking to restrict the public's access to court documents] must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." Lipocine, 2020 WL 4569473, at *3. Here, Ms. Walton has failed to present evidence about her situation that would permit the necessary "specific factual findings" to be made.

Ms. Walton has not presented any evidence to support her arguments for redaction, and she does not cite to any cases. Although she contends that her name is "extraordinarily rare and uniquely identifiable," she does not support this statement with any data. Regardless, the uniqueness of a petitioner's name does not automatically warrant redaction.

Ms. Walton also makes the conclusory remark that redaction is "necessary to prevent the misuse of personally identifying information and to preserve the fairness, dignity, and integrity of the proceedings." However, she does not discuss *how* her information might be misused or *how* the disclosure would fail to preserve the fairness, dignity, and integrity of the proceedings. Without any justification beyond an unsubstantiated statement about the uniqueness of Ms. Walton's name and a vague conjecture about potential misuse of her information, granting the motion for redaction would be difficult. See Castagna, 2011 WL 4348135, at *10 ("By act of Congress, in sum, decisions of special masters presumptively are public documents, and a petitioner requesting redaction of a decision must make an affirmative, factual showing that redaction is proper.").

Overall, the factors balance against redacting Ms. Walton's name. As discussed above, the long-standing tradition of public access to decisions of judicial officers weighs against allowing adults to redact their names. Many petitioners in the Vaccine Program have an interest in maintaining their privacy. If concerns about privacy and identification were sufficient by themselves to justify redaction, then redaction would become the norm as every substantive decision contains some disclosure of identifying information. See 42 U.S.C. § 300aa–12(d)(3)(A)(i) (obligating special masters to issue decisions that "include findings of fact").

Ms. Walton's motion for redaction is DENIED. Furthermore, this order, too, will become available to the public after the time for the parties to propose redactions has passed.

**IT IS SO ORDERED**.

<u>s/Christian J. Moran</u>
Christian J. Moran
Special Master